UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THOMAS ABRAMS

VERSUS

OCHSNER CLINIC
FOUNDATION, ET AL.

CIVIL ACTION

NO. 17-1755-SDD-EWD

## RULING AND ORDER

Before the court is a Motion for Stay, or to Remand/Consolidate "Discovery" Matters (the "Motion to Stay or Consolidate") filed by *pro se* plaintiff, Thomas Abrams ("Plaintiff").[1] The Motion to Stay or Consolidate was filed on April 6, 2018 and pursuant to Local Civil Rule 7(f), any opposition to the Motion was due by April 27, 2018. No opposition has been filed by defendants, Ochsner Health System, Ochsner Clinic Foundation, and East Baton Rouge Medical Center, LLC d/b/a Ochsner Medical Center-Baton Rouge (collectively, "Defendants"),[2] and therefore the undersigned considers the Motion to Stay or Consolidate to be unopposed.

For the reasons set forth herein, Plaintiff's Motion to Stay or Consolidate[3] is GRANTED IN PART. IT IS HEREBY ORDERED that this action is STAYED pending completion of the state medical review panel proceeding. IT IS FURTHER ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE this proceeding until further order from this court.

IT IS FURTHER ORDERED that, within thirty (30) days of notification to the parties of completion of the medical panel review process, the parties shall file a Joint Motion to Reopen.

---

[1] R. Doc. 30.

[2] Defendants have however made an appearance in this action. On February 21, 2018, Defendants filed an Answer to Plaintiff's Complaint and First Amended Complaint wherein they asserted, *inter alia*, that "[t]o the extent that Plaintiff alleges malpractice claims under the Louisiana Medical Malpractice Act, this action is premature." R. Doc. 13, Ninth Affirmative Defense.

[3] R. Doc. 30.

1

In light of the stay and administrative closure of this action, IT IS FURTHER ORDERED that the following currently pending motions are DENIED without prejudice to Plaintiff's right to refile when the case is reopened: Plaintiff's Motion for Court-Appointed Expert Witnesses Pursuant to Rule 706;[4] Plaintiff's Motion for Order Appointing Attorney Representation;[5] and Plaintiff's Second Motion for Court-Appointed Expert Witnesses Pursuant to Rule 706.[6]

**I.     Background**

On December 15, 2017, Plaintiff filed a Complaint in this court asserting claims pursuant to the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd.[7] In the Complaint, Plaintiff asserts violations of EMTALA on behalf of his deceased brother, George F. Abrams ("Decedent"), for alleged "'inappropriate' emergency department medical screening" as well as the "inappropriate transfer" of Decedent from Defendants' Baton Rouge facility to Defendants' New Orleans facility at a time when Decedent was "in an unstable medical condition."[8] Additionally, Plaintiff's Complaint "incorporates…the pertinent facts and allegations presented in a related 'Request for Medical Review Panel' claim filed in 2016 with the Louisiana Department of Administration against these same defendants (as well as certain physicians) which

---

[4] R. Doc. 33.

[5] R. Doc. 35.

[6] R. Doc. 36.

[7] R. Doc. 1.

[8] First Amended Complaint, ¶ 2. *See also*, R. Doc. 10, ¶ 8 ("It is undisputed the defendant hospitals perceived George Abrams to have an emergency medical condition prior to transfer (for example, based on his pain, CT readings, and opinions from the hospital's referral physicians). Therefore, there is no doubt OMC's 'duty to stabilize' his condition was triggered under EMTALA."). Plaintiff specifically alleges that Decedent received "disparate medical screening" based on "the Baton Rouge hospital's failure to order tests to rule out infections, especially considering the patient's history and symptoms on admission in BR (breathing complaint and 'severe pain' – both indicators of infection)." R. Doc. 10, ¶ 6. Plaintiff further alleges that "[t]he receiving hospital in New Orleans also failed to adequately screen upon George Abrams' arrival to the ED in an unstable condition, including with previously-unreported infections and a 'disoriented' state of mind; and effectively 'dumped' him into an in-hospital 'hospice' setting, non-voluntarily, after his family refused to have him transferred to a local hospice with a known 'sepsis' condition that was going untreated." R. Doc. 10, ¶ 6.

2

is presently being processed administratively by the Louisiana Patient Compensation Fund…."[9] Plaintiff contends that "[n]ot only did the defendants commit medical 'malpractice' in failing to accurately diagnose an emerging medical condition, but also they violated EMTALA by 'dumping' [Decedent] from Ochsner's Baton Rouge hospital to Ochsner Health System's New Orleans-affiliated hospital."[10]

Per Plaintiff's instant Motion to Stay or Consolidate, Plaintiff asks this court to either (1) "consider invoking jurisdiction over 'discovery' in the processing of the directly-related PCF-claim" (*i.e.*, Plaintiff's claim of medical malpractice pursuant to the Louisiana Medical Malpractice Act, La. R.S. § 40:1231.1, *et seq.* (the "LMMA") which the court understands is currently pending before the state medical review panel) or (2) issue a stay "pending issuance of the medical-review panel 'expert opinion,'" – an opinion which Plaintiff states is "required, certainly necessary for a proper EMTALA inquiry…."[11]

## II. Law and Analysis

### A. EMTALA and the LMMA

"Congress passed EMTALA in an attempt to curb 'patient dumping,' *i.e.*, the practice of refusing to treat patients who are unable to pay."[12] Pursuant to EMTALA, "if an individual… comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate

---

[9] R. Doc. 10, ¶ 4. Plaintiff has attached various documentation to the instant Motion to Stay or Consolidate, including a November 6, 2017 "amended and supplemental claim" directed to the medical review panel and an April 17, 2017 "amended and supplemental claim" directed to the medical review panel. R. Docs. 30-3 & 30-4. These submissions assert medical malpractice based on, *inter alia*, failure to stabilize Decedent, failure to treat Decedent upon admission, failure to recognize "emerging complications and intervene appropriately," and participating in "patient-dumping."

[10] R. Doc. 10, ¶ 7.

[11] R. Doc. 30, p. 1.

[12] *Scott v. Northern Louisiana Medical Center*, Civil Action No. 16-0376, 2016 WL 8470184, at * 2 (W.D. La. Sept. 9, 2016) (citing *Marshall v. East Carroll Parish Hosp.,* 134 F.3d 319, 322 (5th Cir. 1998)).

3

medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition…exists."[13] If the hospital determines that the individual has an emergency medical condition, then "it has the additional duty of providing further examination and treatment as may be required to stabilize the individual or to arrange an appropriate transfer."[14]

In 1975, the Louisiana legislature passed the LMMA "in response to a perceived medical malpractice insurance crisis."[15] The LMMA affords "two substantial advantages" to qualified healthcare providers, "namely, 1) a requirement that the claim first be reviewed by a medical review panel before commencing suit in a court of law, and 2) a limit on the amount of damages recoverable."[16] With respect to medical panel review, the LMMA specifically provides that "[n]o action against a health care provider...may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel."[17] "The Supreme Court of Louisiana has interpreted this provision to not only require the plaintiff to present the claim to a medical review panel, but also to wait until 'the panel has rendered its expert opinion on the merits of the complaint' before filing suit."[18]

---

[13] 42 U.S.C. § 1395dd(a).

[14] *Jeff v. Universal Health Services, Inc.*, No. Civ. A. 04-1507, 2005 WL 2036893, at * 1 (E.D. La. July 27, 2005) (citing 42 U.S.C. § 1395dd(b)).

[15] *Scott*, 2016 WL 8470184, at * 5 (citing *Williamson v. Hospital Service Dist. No. 1 of Jefferson*, 888 So. 2d 782, 785-786 (La. Dec. 1, 2004) ("The legislature intended the Act to reduce or stabilize medical malpractice insurance rates and to assure the availability of affordable medical services to the public.")).

[16] *Id.*

[17] *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (citing La. R.S. § 40:1231.8(B)(1)(a)(i)).

[18] *Id.* (citing *Delcambre v. Blood Sys., Inc.*, 893 So.2d 23, 27 (La. Jan. 1, 2005)). *See also*, *Coulon v. Endurance Risk Partners, Inc.*, 2016-CC-1146, 221 So.3d 809, 812 (La. March 15, 2017) ("Prior to filing suit in a case where medical negligence is alleged, the LMMA requires a medical review panel to be convened." The medical review panel "is tasked with rendering 'an expert opinion as to whether or not the evidence supports the conclusion that the defendant or defendants acted or failed to act within the appropriate standards of care.'") (citing La. R.S. § 40:1231.8(G)).

4

Both Louisiana state courts and courts in this Circuit have found that "EMTALA does not incorporate the LMMA's pre-suit medical review panel process."[19] The Louisiana Supreme Court has explained that "[t]he courts have construed EMTALA as creating a federal cause of action separate and distinct from, and not duplicative of, state malpractice causes of action. However, medical malpractice claims and 'dumping' claims often overlap."[20] The Louisiana Supreme Court has noted that "the court in the EMTALA action (which must be filed within two years) may consider whether it is appropriate under the particular facts and circumstances to grant a motion to stay that action, while urging expeditious action in the medical review panel proceeding."[21]

### B. Plaintiff's Request to Stay These Proceedings Pending Completion of the Medical Review Panel is GRANTED

With respect to Plaintiff's request for a stay, Plaintiff explains that "[a]t minimum, Plaintiffs' EMTALA claims against these same Defendants…should be Stayed pending a decision by the medical review panel in Plaintiffs' directly-related state medical malpractice action, *in the interest of judicial economy*…."[22] Plaintiff's Complaint expressly incorporates his medical malpractice claims that are currently being considered *via* the medical review panel process, and Plaintiff contends that the expert opinion that will be rendered at the end of that process will be important to his claims under EMTALA.

A district court has the inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

---

[19] *Scott*, 2016 WL 8470184, at * 5 (collecting cases).

[20] *Spradlin v. Acadia-St. Landry Medical Foundation*, No. 98-C-1977, 758 So. 2d 116, 124 (La. Feb. 29, 2000) (finding LMMA's medical panel requirement directly conflicted with EMTALA to the extent EMTALA imposed a two-year statute of limitations that could not be tolled and that a claimant could proceed with EMTALA claim as a separate suit). *See also*, *Jeff*, 2005 WL 2036893, at * 3 ("EMTALA, by contrast, provides a distinct cause of action.").

[21] *Spradlin*, 758 So. 2d at 124.

[22] R. Doc. 30, p. 9, ¶ 9.

for litigants."²³  The Fifth Circuit has explained that "[t]he stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."²⁴  "This authority has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.'"²⁵  Accordingly, when "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.²⁶  "Even discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'"²⁷  The court's decision to grant a stay should take into account "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy."²⁸

Here, Plaintiff has indicated his agreement that a stay of these proceedings pending resolution of the medical review panel proceedings would further judicial economy.  Plaintiff asserts that the results of that proceeding will be relevant and helpful to his claims pending in this suit.  Per Plaintiff's Complaint, the alleged actions of Defendants forming the basis of all his claims (*i.e.*, his claims under the LMMA and under EMTALA) are substantially similar.  Under such circumstances (where it appears there is significant overlap between a claimant's claims under EMTALA and the LMMA), courts in this Circuit have stayed litigation as to EMTALA claims pending resolution of medical review panel proceedings on the related malpractice claim based on

---

²³ *Landis v. N. Am. Co.*, 299 US 248, 254 (1936); *Billiot v. Beavers*, 2015 WL 4397108, *1 (E.D. La. July 13, 2015).

²⁴ *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citing *Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1320 (5th Cir. 1989); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).

²⁵ *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

²⁶ *Billiot*, 2015 WL 4397108 at *2 (citations omitted).

²⁷ *In re Ramu*, 903 F.2d at 318 (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

²⁸ *Scott*, 2016 WL 8470184, at * 13 (citing *Falgoust v. Microsoft Corp.*, No. Civ. A. 00-0779, 2000 WL 462919, at * 2 (E.D. La. April 19, 2000)).

concerns of judicial efficiency.[29] Defendants have not filed any objection to Plaintiff's request to stay this action. Especially where *Plaintiff* has suggested the instant stay to permit resolution of the medical review panel proceedings is appropriate,[30] Defendants have not objected, and the factual bases for both Plaintiff's EMTALA and medical malpractice claim overlap such that judicial efficiency would be served by staying this suit pending a determination by the medical review panel, the court finds that it is appropriate to grant Plaintiff's alternative request to stay this litigation pending completion of the state medical review panel proceeding.[31]

### III. Conclusion

Plaintiff's Motion for Stay, or to Remand/Consolidate "Discovery" Matters[32] is GRANTED IN PART. IT IS HEREBY ORDERED that this matter is STAYED pending completion of the state medical review panel proceeding.[33] The parties to this action who are also

---

[29] *Scott*, 2016 WL 8470184, at * 13 ("the court recognizes that plaintiffs have a keen interest in the timely resolution of their EMTALA claim. Nonetheless, plaintiffs' [sic] medical malpractice claim against the qualified healthcare providers substantially overlaps with her EMTALA claim. Given the relatedness of the claims, the court finds that it is in the strong interest of judicial economy to stay the instant EMTALA proceedings pending a determination by the medical review panel on the malpractice claim.") (citing *Vaughn ex rel. Vaughn v. Hospital Service District No. 1 Jefferson Parish*, No. Civ. A. 01-3456, 2002 WL 126649, at * 2 (E.D. La. Jan. 30, 2002) ("It is true that the Louisiana Supreme Court has held that Louisiana's medical panel review requirement is preempted by federal law in EMTALA cases. At the same time, plaintiff's medical *malpractice* claim against the hospital must first be reviewed by a medical review panel and is subject to dismissal for prematurity. Further, as is often the case, plaintiff's medical malpractice claim against the hospital overlaps with her EMTALA claim. Given the relatedness of the claims, the Court finds that it is in the interest of judicial economy to stay the EMTALA proceedings against West Jefferson pending a determination by the Medical Review Panel on the malpractice claim.") (citing *Spradlin*, 758 So. 2d at 124).

[30] *Compare*, *Jeff*, 2005 WL 2036893, at * 3 (denying *defendant's* request to stay pending medical panel review where plaintiffs opposed the stay and argued that they were entitled to file their medical malpractice claim in state court and proceed with their EMTALA claim in federal court as separate causes of action).

[31] Plaintiff's request to stay these proceedings is made in the alternative to his request to "consolidate" discovery taking place in the context of the medical review panel with proceedings taking place in this court. Plaintiff has not established that this court has subject matter jurisdiction over the medical review panel proceedings or ancillary state court discovery action. Because the court grants Plaintiff's request to stay these proceedings, it is not necessary to rule on the appropriateness of Plaintiff's consolidation request. To the extent Plaintiff is asking this court to exercise supplemental jurisdiction over his claims pursuant to the LMMA, the undersigned notes that a stay of this action would allow Plaintiff's claims under the LMMA (to the extent subject matter jurisdiction over these claims is established) and EMTALA to proceed simultaneously following resolution of the medical review panel proceedings.

[32] R. Doc. 30.

[33] Plaintiff has asked this court to "stay the above-referenced *Rule Nisi* awaiting in 19th JDC…." R. Doc. 30, p. 24, ¶ 34. To the extent Plaintiff asks this court to stay any proceedings pending in state court, including proceedings related

participating in the medical review panel proceeding are urged to complete that proceeding as expeditiously as possible.

IT IS HEREBY ORDERED that the Clerk of Court shall ADMINISTRATIVELY CLOSE this proceeding until further order from this court.

IT IS FURTHER ORDERED that, within thirty (30) days of notification to the parties of completion of the medical panel review process, the parties shall file a Joint Motion to Reopen.

In light of the stay and administrative closure of this action, IT IS FURTHER ORDERED that the following currently pending motions are DENIED without prejudice to Plaintiff's right to refile when the case is reopened: Plaintiff's Motion for Court-Appointed Expert Witnesses Pursuant to Rule 706;[34] Plaintiff's Motion for Order Appointing Attorney Representation;[35] and Plaintiff's Second Motion for Court-Appointed Expert Witnesses Pursuant to Rule 706.[36].

Signed in Baton Rouge, Louisiana, on June 7, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

to the *Rule Nisi*, the court notes that it has no authority to order the state court proceedings stayed. The instant Ruling and Order only relates to a stay of the federal action and has no effect on state court proceedings.

[34] R. Doc. 33.

[35] R. Doc. 35.

[36] R. Doc. 36.