UNITES STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS ABRAMS | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 17-1755-SDD-EWD |
| OCHSNER CLINIC FOUNDATION, ET AL. | |

## NOTICE

On May 13 and May 14, 2019, the court received faxed correspondence from Plaintiff. In Plaintiff's May 13, 2019 correspondence, Plaintiff requests a "joint phone-conference;" however, it is unclear with whom he wishes to have a conference and the basis for his request. In Plaintiff's May 14, 2019 correspondence, Plaintiff "attaches" communications between the parties regarding the state court proceedings "that may be helpful to the Court in considering my request for a telephone conference" and additionally asks for "leave to file a motion for a judgment declaring Louisiana's so-called malpractice Act as unconstitutional due to lack of 'court-access' rights spelled out in the United States Bill of Rights and Louisiana Constitution." Plaintiff's May 13 and May 14, 2019 faxed letters are attached hereto.

Neither the May 13 or May 14, 2019 letters are motions. Pursuant to Federal Rule of Civil Procedure 7(b)(1), "A request for a court order must be made by motion."[1] Plaintiff previously signed an E-Service & E-Notice Consent Form[2] and thereafter filed a Motion for Permission to File Electronically[3] which was granted on April 5, 2018.[4] In the Court's April 5, 2018 Order, Plaintiff was instructed that he

---

[1] The Rule further provides that the motion must: "(A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." FRCP 7(1)(A)-(C).

[2] R. Doc. 5.

[3] R. Doc. 28.

[4] R. Doc. 29.

1

7004 1160 0003 2648 1913

> is required to comply with all rules outlined in the Middle District of Louisiana's Administrative Procedures for Filing Electronic Documents, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, register as a subscriber to PACER (Public Access to Electronic Records) within five (5) days of the date of this Order and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.[5]

Plaintiff was also notified on December 12, 2018, that he does not need to keep the court apprised of the status or any events in the state court proceeding, that this case has been stayed and administratively closed pending completion of the medical review panel, and that any argument Plaintiff wants to make in this suit must be done by motion after the case is reopened upon completion of the medical review panel proceedings.[6] Nothing in Plaintiff's recent submissions indicates that the medical panel review process has been completed and no joint motion to reopen has been filed. To the extent Plaintiff wishes to provide an "update" regarding the state court proceedings, Plaintiff is again advised that such an update is unnecessary.[7]

---

[5] R. Doc. 29.

[6] R. Doc. 54.

[7] *See*, R. Doc. 54. Additionally, the Court notes that generally, the federal district courts do not act as "superior" courts available to review state court proceedings. *Cf.*, *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) ("Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'") (internal citations omitted; *Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970) (federal habeas court does not "sit as a 'super' state supreme court."). To the extent Plaintiff complains of actions in the state trial court related to the medical review panel, this court does not have appellate jurisdiction over such claims. To the extent Plaintiff seeks to have a Louisiana statute declared unconstitutional, he may seek leave to amend his complaint in this matter to allege that claim once the case is reopened after completion of the medical review panel.

2

Although the Court has filed Plaintiff's May 13 and May 14, 2019 correspondence into the record as an attachment to this Notice, Plaintiff is again notified that the Court will not act on any requests for relief made informally by letters addressed to chambers.

Accordingly,

Plaintiff is hereby **NOTIFIED** that no correspondence sent directly to chambers seeking relief will be considered.  Plaintiff is **REMINDED** of his obligations pursuant to the Court's April 5, 2018 Order regarding electronic filing.

The Clerk of Court is **DIRECTED** to mail a copy of this Notice to Plaintiff via certified mail, return receipt requested at the address listed on the electronic docket of this matter.

Signed in Baton Rouge, Louisiana, on May 16, 2019.

                **ERIN WILDER-DOOMES**
                **UNITED STATES MAGISTRATE JUDGE**