UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THOMAS ABRAMS

VERSUS

OCHSNER CLINIC FOUNDATION, ET AL.

CIVIL ACTION

NO. 17-1755-SDD-EWD

**ORDER**

Before the Court is the "Amendment to Case Status Update of 10/02/2023 and Suggested: Motion to Lift Stay to Amend Complaint to Add Attached 'Suit' Defendants and Related Allegations," filed by Plaintiff Thomas Abrams. To the extent this document seeks to lift the stay in this case, it will be denied without prejudice to reurging, subject to specific instructions contained in this Order.

By way of background, Plaintiff filed a Complaint in this Court asserting violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd[1] on behalf of his deceased brother, George F. Abrams ("Decedent"), for alleged "'inappropriate' emergency department medical screening" as well as the "inappropriate transfer" of Decedent from Defendants' Baton Rouge facility to Defendants' New Orleans facility at a time when Decedent was "in an unstable medical condition."[2] Plaintiff's Complaint "incorporates…the pertinent facts

---

[1] R. Doc. 1.
[2] R. Doc. 10, ¶ 2. *See also*, R. Doc. 10, ¶ 8 ("It is undisputed the defendant hospitals perceived George Abrams to have an emergency medical condition prior to transfer (for example, based on his pain, CT readings, and opinions from the hospital's referral physicians). Therefore, there is no doubt OMC's 'duty to stabilize' his condition was triggered under EMTALA."). Plaintiff specifically alleges that Decedent received "disparate medical screening" based on "the Baton Rouge hospital's failure to order tests to rule out infections, especially considering the patient's history and symptoms on admission in BR (breathing complaint and 'severe pain' – both indicators of infection)." R. Doc. 10, ¶ 6. Plaintiff further alleges that "[t]he receiving hospital in New Orleans also failed to adequately screen upon George Abrams' arrival to the ED in an unstable condition, including with previously-unreported infections and a 'disoriented' state of mind; and effectively 'dumped' him into an in-hospital 'hospice' setting, non-voluntarily, after his family refused to have him transferred to a local hospice with a known 'sepsis' condition that was going untreated." R. Doc. 10, ¶ 6.

and allegations presented in a related 'Request for Medical Review Panel' claim filed in 2016 with the Louisiana Department of Administration against these same defendants (as well as certain physicians) which is presently being processed administratively by the Louisiana Patient Compensation Fund…."[3] Plaintiff contends that "[n]ot only did the defendants commit medical 'malpractice' in failing to accurately diagnose an emerging medical condition, but also they violated EMTALA by 'dumping' [Decedent] from Ochsner's Baton Rouge hospital to Ochsner Health System's New Orleans-affiliated hospital."[4]

On prior motion of Plaintiff, this matter was stayed pending completion of Plaintiff's medical malpractice claim that is pending before a state medical review panel.[5] Plaintiff requested the stay "pending issuance of the medical-review panel 'expert opinion,'" – an opinion which Plaintiff states is "required, certainly necessary for a proper EMTALA inquiry…."[6]

In 2019, Plaintiff filed "(Opposed) Motions: (1) to Reopen; (2) to Reconsider Attorney-Request; (3) for a Declaratory Judgment on the Constitutionality of the LMMA; (4) for Certification Under 28 U.S.C. § 1292(b)."[7] Following a telephone conference with the parties to discuss Plaintiff's requests, all relief was denied.[8] Plaintiff indicated at that time that he planned to appeal the state court's ruling holding him in contempt and dismissing his Patient Compensation Fund claim and he wished to complete that process before reopening the case.[9]

---

[3] R. Doc. 10, ¶ 4. Plaintiff attached various documents to his Motion to Stay or Consolidate (R. Doc. 30), including a November 6, 2017 "amended and supplemental claim" directed to the medical review panel and an April 17, 2017 "amended and supplemental claim" directed to the medical review panel. R. Docs. 30-3 & 30-4. These submissions assert medical malpractice based on, *inter alia*, failure to stabilize Decedent, failure to treat Decedent upon admission, failure to recognize "emerging complications and intervene appropriately," and participating in "patient-dumping."
[4] R. Doc. 10, ¶ 7.
[5] R. Doc. 48.
[6] R. Doc. 30, p. 1.
[7] R. Doc. 56.
[8] R. Doc. 65.
[9] R. Doc. 65, p. 2.

In 2021, Plaintiff requested a status conference.[10] The Court denied the request because it was not clear what relief Plaintiff sought. However, the Court confirmed that all named defendants—Ochsner Clinic Foundation, East Baton Rouge Medical Center d/b/a Ochsner Medical Center; and Ochsner Health System—had been served and had answered the suit.[11] The Court also confirmed that no defendant had filed a motion seeking dismissal of any of Plaintiff's claims asserted in this case, although all defendants had asserted defenses to the claims in their Answer.[12] As to the stay, Plaintiff was instructed that he could "file a motion to lift the stay in this case if he no longer wishes to wait for resolution of the malpractice action. Before doing so, Plaintiff should contact defense counsel to determine whether there is an objection to the motion to lift stay or whether the motion is unopposed."[13]

On September 8, 2022, Plaintiff submitted a letter to the Court providing a status update on the medical review panel. There, he stated, "<u>I don't think it is yet appropriate to reopen this matter</u> …."[14] Based on this representation, the Court found that the case would remain stayed, but Plaintiff was ordered to file status updates on the state medical review panel proceedings every March and September 15.[15] Plaintiff filed updates on March 15, May 22, October 3, 2023.[16] According to the October 3, 2023 update, the state court appeal had been fully briefed and was awaiting disposition.[17]

The pending "Motion" appears to be Plaintiff's most recent status update. He explains that the Louisiana Supreme Court denied his writ application as premature.[18] Plaintiff also advised

---

[10] R. Doc. 68.
[11] R. Doc. 70, p. 3.
[12] *Id.*
[13] *Id.*, p. 4.
[14] R. Doc. 72 (emphasis in original).
[15] *Id.*
[16] R. Docs. 73, 74, 75.
[17] R. Docs. 75, 76.
[18] R. Doc. 77, p. 4.

that he "will continue to seek counsel, as he is reticent to commence in federal court without counsel …."[19] Plaintiff also states that he has filed another suit in state court.[20]

It is not clear that Plaintiff is seeking to lift the stay in this case at this time based on the information provided. Although he attaches a proposed order that seems to lift the stay, the body of the status update suggests that Plaintiff does not want to proceed in this case until he has retained counsel. Plaintiff is, again, reminded that he has been provided with the following instructions should he wish to lift the stay in this case: "file a motion to lift the stay in this case if he no longer wishes to wait for resolution of the malpractice action. Before doing so, Plaintiff should contact defense counsel to determine whether there is an objection to the motion to lift stay or whether the motion is unopposed."[21] **Any request to lift the stay needs only to clearly state the intended relief sought and whether defense counsel objects.**

To the extent Plaintiff Thomas Abrams seeks to lift the stay in this case, **IT IS ORDERED** that his request is **DENIED** at this time, without prejudice to reurging, subject to the instructions contained in this Order. If Plaintiff does not seek to lift the stay, he shall continue to provide status updates, as previously ordered,[22] with the next update due September 16, 2024.[23]

Signed in Baton Rouge, Louisiana, on April 11, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] R. Doc. 77, p. 3.
[20] *Id.*, p. 2
[21] R. Doc. 70, p. 4.
[22] R. Doc. 72.
[23] Although Plaintiff's status reports are generally due on March and September 15, because September 15, 2024 is a Sunday, the report will be due the following day.